HARVEY *v.* SMITH *et al.*[1]

*(District Court, S. D. New York.   May 28, 1888.)*

1. SEAMEN—DISABLED SEAMAN—ABANDONMENT WITHOUT PAYMENT OF WAGES—BRITISH VESSEL.
 Under the provisions of the British merchants' shipping act, a vessel has no right to abandon a disabled seaman without payment of his wages up to the time of his being left on shore, together with provision for his return home.
2. SAME—CERTIFICATE OF DISABILITY—FAILURE TO FURNISH—PENALTY—RECOVERY IN ACTION FOR WAGES.
 The penalty of £10, provided by section 209 of the British merchants' shipping act for failure of the master to deliver to the consul a certificate of a disabled seaman's inability to proceed on the voyage, together with an account of the wages due him, and payment thereof, is recoverable by the seaman in an action against the vessel for his wages.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

In Admiralty.    Libel for wages.
*Wing, Shoudy & Putnam,* for libelant.
*Goodrich, Deady & Goodrich,* for respondents.

BROWN, J.   On or about November 19, 1887, the libelant shipped on board the British bark Levuka, at London, for a voyage to New York and back to the United Kingdom or to the Continent, as ordinary seaman and cabin boy, at the wages of 30 shillings per month.   On the voyage out, as the evidence shows, he sustained injuries to the stomach by a fall, and was disabled from work thereafter.   Shortly after arrival at New York he was sent by the master to the Long Island College Hospital, and remained there from January 21st until March 8th.   The bark sailed from New York on her return voyage on the 2d of March, without notice to the libelant, or inquiry at the hospital, and without any effort to take him on board.   This libel was filed to recover his wages to date, with his expenses of board.

Section 185 of the British merchants' shipping act provides that, where a seaman is left on shore on the master's certificate of inability to proceed, he shall be entitled to wages up to that time only.   Section 209 makes it in such a case the duty of the master to deliver a certificate of his unfitness to the consular officer, with an account of the wages due him and payment thereof; and for neglect of this he is made liable, "in addition to the payment of the wages," to a penalty not exceeding £10. Section 205 also requires provision to be made for sending the seaman home.   I am satisfied from the evidence that when the ship sailed the libelant was not fit for duty.   But the master had no right to abandon him without payment of a cent of his wages, or provision for his return. Such are the very evils which the English statutes, and our own similar statutes, were designed to prevent.   The libelant must be adjudged entitled to his wages up to the 2d of March, amounting to $17, less $1 previously paid him, and to payment of the additional sum of $35, under the provisions of said section 209, and to a return passage to London. The context in section 209 shows that the penalty was designed to be paid to the seaman; for it says it is a penalty "in addition to payment of wages."   The same language shows that it is the master who is to pay both the wages and the penalty; and as the owners are liable for the seamen's wages if the master does not pay them, so the penalty, which in this case is associated with the wages for the benefit of the seaman, and to be paid with them, must be held recoverable against the owners as the responsible principals, in the same way that unpaid wages are recoverable. A return passage to London was offered to the libelant, and, it is understood, will be furnished.   Upon provision made within 20 days for such return, judgment will be allowed for only $52.   If not so furnished, the ordinary charge of a return to England will be added thereto.   The libelant is also entitled to costs of the action, but not to board since March 2d.